Argued August 19, affirmed September 10, 1975

IN THE MATTER OF RODNEY OLIVIER, A CHILD.
STATE EX REL JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent, v.*
OLIVIER (No. 54,628), *Appellant.*

539 P2d 1121

*William E. Blitsch,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

PER CURIAM.

The issue in this case is whether the trial judge

acted properly in remanding the defendant-juvenile to adult court to stand trial for robbery in the first degree, ORS 164.415, and theft by receiving, ORS 164.095. We agree with the conclusions of the trial judge which he stated orally from the bench:

"Rodney [defendant] has turned out, after 17 years of anxious, steady concern, to be an extremely vicious, extremely dangerous potential criminal. He has no sense yet of the fact that this is an act so amoral that he even in terms of diplomacy should have thought of repudiating any association with the other people he was with and the Court has to assume not that Mr. Blitsch [defendant's attorney] wouldn't do a good job of counseling and supervision but that society is entitled to the kind of protection that no Juvenile Court can conceivably give to a 17 and a half year old boy.

"I am in the position now of having to deal to Mr. and Mrs. Olivier [defendant's parents] the next to the worse blow that they have so far received. Rodney has given to them the first, and I am giving to them the second in spite of the most effective and earnest representation by Mr. Blitsch.

"The Court finds that Rodney is still within the jurisdiction of the Court but is 17 and a half and so necessarily beyond any practical, effective service by the Juvenile Court, that his age alone is a significant factor in the determination.

"He has had a strong family which has wholly failed, and this is no criticism of them. He has been exposed also to a substantial, morally-oriented religious influence which should have had an effect upon him, and it has appeared to be wholly ineffective.[1]

"Three weeks after he left the family home he committed a dangerous and vicious crime, and ex-

---

[1] The defendant in effect concedes these findings.

tensive counseling at church and home has failed to be effective. He was skipping school, and he has dropped out. He involved himself, not in the kind of impulsive assault in the case of Cardiel [State ex rel Juv. Dept. v. Cardiel, 18 Or App 49, 523 P2d 1057 (1974)] but in an assault which involved an official commitment, a plan, a contingency that could have resulted in serial or mass murders and steps toward the effective execution of that plan.

"For the protection of society immediately and for the long-term protection of Rodney himself, the Court feels that the motion to remand to the Adult Court is well taken; and that motion, therefore, is granted."

Affirmed.