Submitted on record and appellant's brief May 20, reversed and remanded June 6, 1977

In the Matter of Benjamin Ray Surby,
aka Gibbs, a Child.
STATE ex rel JUVENILE DEPARTMENT
OF DOUGLAS COUNTY, *Respondent,*

*v.*

SURBY, aka GIBBS, *Appellant.*
(No. 4146, CA 8206)
564 P2d 1099

Robert C. Millikan, Roseburg, filed the brief for appellant.

W. Michael Gillette, Solicitor General, Salem, appeared for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

[ 709 ]

## SCHWAB, C. J.

The juvenile appeals from an order remanding him to adult court for trial on a charge of first degree robbery. ORS 164.415. As the state confesses error in that it failed to prove the juvenile's age, *see* ORS 419.476,[1] we remand to the juvenile court for further proceedings on that issue. Since it appears likely that when appropriate evidence is offered on the age of the juvenile it will be shown that he is subject to remand, we address the remaining issue.

The juvenile contends further that there was insufficient evidence to establish that he would not be amenable to the rehabilitative programs available to the juvenile court and that retaining jurisdiction would not serve the child's best interest. *See* ORS 419.533(1)(c).[2] The evidence indicates that the juvenile had previously been convicted as an adult in Nevada of the theft of an automobile, had been charged with stealing a purse, was wanted by the Nevada authorities in connection with three armed robberies, and had been charged in Oregon with robbery in the first degree. While particularized evidence of the child's amenability to rehabilitative programs is necessary in many such cases, under the circumstances here it may be inferred from the amount and nature of the child's past involvement with criminal activity that the child would not benefit by such programs and that it would not be in the best interests of the child for the juvenile court to retain jurisdiction. *See State ex rel Juv. Dept. v. Olivier,* 22 Or App 495, 539 P2d 1121 (1975).

Reversed and remanded.

---

[1] ORS 419.476 provides:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age * * *."

[2] ORS 419.533(1)(c) provides:

"A child may be remanded to a circuit * * * court of competent jurisdiction for disposition as an adult if * * * [t]he juvenile court determines that retaining jurisdiction will not serve the best interest of the child because the child is not amenable to rehabilitation in facilities or programs available to the court."